IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER COOK,

      Petitioner,                    No. 2: 08-cv-2305 KJN P

   vs.

RICHARD B. IVES,

      Respondent.               ORDER

_____/

I. Introduction

      Petitioner is a federal prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 25, 2007, petitioner was sentenced to a term of 90 months of incarceration for a violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1342 (mail fraud and aiding and abetting) and 18 U.S.C. § 1956 and 18 U.S.C. § 1952 (promotion of unlawful activity and aiding and abetting). Petitioner's current release date, via good conduct time, is March 17, 2014.

      This action is proceeding on the amended petition filed January 5, 2009. (Dkt. No. 5.) Petitioner challenges regulations enacted by the Bureau of Prisons ("BOP") regarding placement of prisoners in Residential Re-Entry Centers ("RRC").

////

1  Both parties have consented to the jurisdiction of the undersigned. (Dkt. Nos. 3, 4.) For the following reasons, the petition is denied.

## II. Discussion

### A. Subject Matter Jurisdiction

Respondent first argues that the court lacks subject matter jurisdiction on grounds that the claims raised challenge conditions of confinement and should be raised in a civil rights action pursuant to 42 U.S.C. § 1983.

In Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008), the Ninth Circuit affirmed a grant of relief very similar to that requested here: a writ of habeas corpus directing the BOP to properly evaluate the petitioner for RCC placement. Id., at 1189. Although the question of subject matter jurisdiction was not expressly raised or discussed in Rodriguez, respondent's jurisdictional assertion is fundamentally inconsistent with the Ninth Circuit's decision in that case. In the same manner, it is also inconsistent with the recently filed case Sacora v. Thomas, 2010 WL 4925437 (9th Cir. Dec. 6, 2010). In Sacora, the Ninth Circuit entertained another appeal of a federal prisoner's section 2241 action challenging BOP policies for RRC placement, without finding that jurisdiction was lacking. Id.

Because respondent's jurisdictional argument has been, in effect, rejected by the Ninth Circuit, the undersigned finds that it has no merit.

### B. Exhaustion of Administrative Remedies

Respondent next argues that petitioner failed to exhaust administrative remedies. In the petition, petitioner concedes that he has not exhausted administrative remedies. (Dkt. No. 5, at 7.)

Federal prisoners must exhaust their administrative remedies prior to the filing of a petition seeking relief pursuant to § 2241. E.g., Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). Under this exhaustion doctrine, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed

remedy has been exhausted." Laing, 370 F.3d at 998 (quoting McKart v. United States, 395 U.S. 185, 193 (1969)).

If a petitioner has not properly exhausted his claims, the district court in its discretion may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Factors weighing in favor of requiring exhaustion include whether: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Noriega-Lopez v. Ashcroft, 335 F.3d 874, 880-81 (9th Cir. 2003) (citing Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990)).

While the undersigned is acutely aware of the reasons set forth above to defer judgment, the guidance from Ninth Circuit's recent decision in Sacora, supra, weighs heavily in favor of deciding the issue now rather than delay resolution of this case.

C. Analysis

Petitioner challenges a memorandum issued by the BOP on November 14, 2008 (the "November 14 Memorandum") which provides guidance to the BOP staff when considering inmate requests for transfers to RRCs before the final 12 months of the inmate's sentence. It states that, "[i]nmates are legally eligible to be placed in an RRC at any time during their prison sentence[s]," and that "[s]taff cannot, therefore, automatically deny an inmate's request for transfer to a RRC." Sacora, 2010 WL 4925437, at *3. Rather, "inmate requests for RRC placement must receive individualized consideration." Id. The memorandum also states, "[t]elling an inmate that he/she is ineligible for RRC placement is the same as automatically denying the inmate from even being considered for such placement, and is not in accord with Bureau policy." Id. The November 14 Memorandum advises BOP staff that "a RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances

1  justifying such placement, and the Regional Director concurs." Id.

2  Petitioner argues that the "six month rule," i.e. permitting RRC placement beyond six months only in unusual or extraordinary circumstances, set forth in the November 14 Memorandum violates 18 U.S.C. § 3621(b) and is contrary to the Ninth Circuit's decision in Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008). The Ninth Circuit recently rejected both of these arguments in Sacora:

> For substantially the same reasons, the similar policy set forth in the November 14 Memorandum is consistent with § 3621(b) and sufficient under Skidmore. Petitioners argue, however, that the policy as set forth in the November 14 Memorandum is contrary to our decision in Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008). We disagree.

2010 WL 4925437, at *6.

Pursuant to Sacora, petitioner's claims are without merit. Accordingly, the petition is denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied.[1]

DATED: January 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cook2305.157

---

[1] A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. See 28 U.S.C. § 2253.

4